ALFRED J. DAVIS and CINDY DAVIS,

        Plaintiffs,

vs.                                Case No.: 8:09-cv-1070-T17-TBM

LISA P. JACKSON, Administrator of the
United States Environmental Protection Agency;
A. STANLEY MEIBERG, Acting Regional
Administrator of the United States Environmental
Protection Agency Region IV; UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY;
CITY OF ST. PETERSBURG, FLORIDA; and
SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT,

        Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE is before the Court on Defendants, CITY OF ST. PETERSBURG'S and

SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT'S, Motions to Dismiss

Plaintiffs' Complaint (Dkts. 17, 18) and Plaintiffs' Oppositions to Defendants' Motions to

Dismiss (Dkts. 23, 24).

## BACKGROUND and PROCEDURAL HISTORY

Plaintiffs filed a seven-count Complaint on June 9, 2009 with the City of St. Petersburg

(the City) and Southwest Florida Water Management District (SWFWMD) included as two of

the named defendants in the lawsuit. The City and SWFWMD are defendants in only counts

IV–VII of the Complaint. Count IV alleges that discharges made by the City and SWFWMD into

the Clam Bayou estuary have violated the Clean Water Act (CWA), 33 U.S.C. § 1251(s), by

causing and contributing to the present water quality standard violations. (Dkt. 1). Plaintiffs seek

a declaration that the Defendants violated the CWA and injunctive relief ordering the Defendants

to take necessary action to remove the polluted sediments from the bayou and to promptly

monitor their discharges into the bayou in order to comply with Florida's water quality

standards. *Id.*

Counts V, VI, and VII allege pendent state law causes of action against the Defendants

for common law continuing trespass, common law nuisance, and inverse condemnation,

respectively. *Id.* Plaintiffs seek injunctive relief on all three counts ordering the Defendants to

dredge their pollution from the bayou and to restore the bayou to comply with Florida's water

quality standards. *Id.*

Defendant, the City, owns and operates a stormwater system that discharges into the

Clam Bayou estuary. Defendant, SWFWMD, constructs and operates stormwater systems that

also discharge into the Clam Bayou estuary. *Id.* These stormwater systems are operated pursuant

to National Pollution Discharge Elimination System (NPDES) municipal separate storm sewer

system (MS4) permits.

**STANDARD OF REVIEW**

Any defendant to a complaint may move to dismiss such complaint under Rule 12(b)(6) for

"failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).  To

survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A complaint should not be dismissed for failure to state a claim unless it appears

beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to

relief.  *Am. Ass'n of People with Disabilities v. Smith,* 227 F.Supp.2d 1276, 1280 (M.D. Fla.

2002). A trial court is required to view the complaint in the light most favorable to the plaintiff.

*Illinois, ex rel. Madigan v. Telemarketing Associates, Inc* ., 538 U.S. 600, 618 (2003). At this

stage of litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint

only if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations. *Id.*

## DISCUSSION

### Subject Matter Jurisdiction

Defendants, the City and SWFWMD, seek to dismiss counts IV–VII of Plaintiffs'

Complaint on the basis of Defendants' claims of Eleventh Amendment immunity and that the

Court lacks subject matter jurisdiction .

The Plaintiffs' Complaint alleges that this Court has jurisdiction over count IV of this

action pursuant to 28 U.S.C. Section 1331. (Dkt. 1). The Complaint further alleges that this

count arises under 33 U.S.C. Section 1365(a), the Clean Water Act's (CWA) citizen suit

provision. (Dkt. 1).

The CWA citizen suit provision provides in pertinent part "any citizen may commence a

civil action on his own behalf . . . against any person (including (i) the United States, and (ii) any

other governmental instrumentality or agency **to the extent permitted by the eleventh**

**amendment to the Constitution**) who is alleged to be in violation of (A) an effluent standard or

limitation under this chapter." 33 U.S.C. § 1365(a)(1) (emphasis added). The Eleventh

Amendment provides "The Judicial Power of the United States shall not be construed to extend

to any suit in law or equity, commenced or prosecuted against one of the Unites States by

Citizens of another State." U.S. Const. amend. XI. This immunity has been extended to protect

states against suits brought by its own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–663

(1974) (stating that the Supreme Court "has consistently held that an unconsenting state is immune from suits brought in federal court by her own citizens"). A state's immunity under the Eleventh Amendment further extends to state agencies and to state officers acting on behalf of the state. *See Burnette v. Carothers,* 192 F.3d 52, 57 (citing *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc,* 506 U.S. 139, 142–147 (1993)).

When a state or an agency of such state is a real party in interest, the general rule is that the Eleventh Amendment bars federal court jurisdiction over an action against the state or its official acting in his or her official capacity. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101–102 (1984). *Ex Parte Young* sets forth an important exception to Eleventh Amendment immunity, which applies when a plaintiff is seeking only prospective relief against state officials acting in violation of federal law because such action is not considered an action of the state. *See Burnette,* 192 F. 3d at 57 (citing *Ex Parte Young,* 209 U.S. 123 (1908)). Congress may abrogate the states' immunity from suit in federal court. However, Congress must make its intention to do so unmistakably clear in the statute. *Burnette,* 192 F. 2d at 57. Language that generally authorizes a suit in federal court is not sufficient to abrogate the states' Eleventh Amendment immunity. *Id.*

Here, the Plaintiffs' brought suit against the City and SWFWMD, both of which are agencies or instrumentalities of the state of Florida. *See Friends of the Everglades, Inc. v. South Florida Water Management District,* 2006 WL 3635465, *51–57 (S.D. Fla. Dec. 11, 2006) (holding that SWFWMD's sister agency South Florida Water Management District was entitled to Eleventh Amendment immunity from suit), *rev'd in part on other grounds, appeal dismissed in part* by *Friends of the Everglades v. SFWMD,* 2009 WL 1545551 (11th Cir. June 4, 2009). On appeal, the Eleventh Circuit did not reverse the district court's holding that South Florida Water

Management District was entitled to Eleventh Amendment immunity. In fact, the Eleventh Circuit refused to address the issue rendering it moot. *See* 2009 WL 1545551 at *17.

Furthermore, the provision in the CWA stating that a suit may be brought against a state "to the extent permitted by the eleventh amendment" does not clearly and unequivocally express Congress' intent to abrogate sovereign immunity and subject these state agencies to suit. Rather, this provision of the CWA is expressly limited by the Eleventh Amendment of the Constitution. *See Burnette,* 192 F. 3d at 57 (stating that these citizen suit provisions of the CWA do not abrogate [the state's] sovereign immunity, and the defendants are entitled to immunity from suit in federal court). The Plaintiffs' are seeking declaratory relief, which is an immediate remedy and not merely prospective relief. As such, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply here. Additionally, the mere fact that the City failed to raise its Eleventh Amendment immunity in its Motion to Dismiss does not act as a waiver of such immunity. *See Doe v. Moore,* 410 F. 3d 1337, 1349 (11th Cir. 2005) (stating that a state may waive sovereign immunity, but such waiver must be "unequivocally expressed"). Here, the City moved to dismiss this action for this Court's lack of subject matter jurisdiction, clearly evidencing its intention to exercise its Eleventh Amendment immunity.

The Plaintiff's citizen suit brought pursuant to the CWA against the City and SWFWMD is barred by the Eleventh Amendment of the Constitution. As such, Plaintiffs' pendent state law tort claims are also barred for want of this Court's jurisdiction. As a result, counts IV–VII of the Plaintiffs' Complaint should be dismissed with prejudice for lack of subject matter jurisdiction as they relate to the City and SWFWMD.

**Conclusion**

The City and SWFWMD enjoy the Eleventh Amendment protections from this suit against them in federal court. Congress, pursuant to the CWA, has not clearly and unequivocally abrogated the state agencies' immunity from this suit. Without a proper suit brought pursuant to the Court's federal question jurisdiction, the Plaintiffs' state law causes of action also fail for want of subject matter jurisdiction.

Accordingly, it is

  **ORDERED** that the City's and SWFWMD's Motions to Dismiss counts IV–VII of the Plaintiffs' Complaint (Dkts. 17, 18) be **GRANTED** and those two defendants are dismissed from this action.

  **DONE AND ORDERED** in Chambers at Tampa, Florida, this 18th day of November, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All
parties and counsel of record.