IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED J. DAVIS and CINDY DAVIS,

        Plaintiffs,

                                            Case No. 8:09-cv-1070-T-17 TBM

v.

LISA P. JACKSON, Administrator of the
United States Environmental Protection Agency;
A. STANLEY MEIBERG, Acting Regional
Administrator of the United States Environmental
Protection Agency Region IV; UNITED STATES
ENVIORNMENTAL PROTECTION AGENCY;
CITY OF ST. PETERSBURG, FLORIDA; and
DAVID L. MOORE, Executive Director,
Southwest Florida Water Management District,

        Defendants.

_____/

## **ORDER ON DEFENDANTS' MOTION TO DISMISS**

      THIS cause is before the Court on Defendants, Lisa P. Jackson in her official capacity as Administrator of the United States Environmental Protection Agency; A. Stanley Meiburg, in his official capacity as acting Regional Administrator for the United States Environmental Protection Agency Region IV; and the United States Environmental Protection Agency [Hereinafter EPA], Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 38) and Plaintiffs' Oppositions to Defendant's Motion to Dismiss (Dkt. 39).

# BACKGROUND AND PROCEDURAL HISTORY

This matter involves claims made in connection with the Clean Water Act, 33 U.S.C. §§ 1251-1387, and Florida common law. Plaintiffs filed an Amended Complaint alleging eight counts against EPA and three counts against the City of St. Petersburg and David L. Moore, the Executive Director of the Southwest Florida Water Management District (Dkt. 31). The first eight counts concern the EPA. Counts I-V are alleged Administrative Procedures Act (APA) (5 U.S.C. 701-706) violations, alleging agency action approval of Florida's 2006 Triennial Review of Florida's water quality standards and implementation methodology where. Plaintiffs seek a declaration that the alleged agency action was arbitrary, capricious, and an abuse of discretion. *Id*. Plaintiffs also seek an injunction requiring review of EPA approval of Florida's 2006 Triennial Review. Count VI is an alleged APA violation claiming agency action approval in 2008 of Florida's 2007 Impaired Waters Rule where Plaintiffs are seeking a declaration that the alleged agency action in 2008 was arbitrary, capricious, and an abuse of discretion. Plaintiffs are also seeking a review of EPA approval of Florida's 2007 Impaired Waters Rule. Count VIII is an alleged APA violation claiming the EPA failed to object to the 2007 reissuance of the City's municipal separate storm sewer systems (MS4) and that EPA refusal to reopen Florida's current National Pollution Discharge Elimination System (NPDES) MS4 permits was arbitrary, capricious, and an abuse of discretion. Plaintiffs are seeking a review of EPA decisions with regard to this matter and an immediate reopening of Florida's NPDES MS4 permit.

## Standard of Review

Any defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F.Supp.2d 1276, 1280 (M.D. Fla. 2002). A trial court is required to view the complaint in the light most favorable to the plaintiff. *Illinois ex. Rel. Madigan v. Telemarketing Associates, Inc.*, 538 U.S. 600, 618 (2003). At this stage of litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id*.

## Discussion

Defendants, EPA, seek to dismiss counts I-VI and VIII of Plaintiffs Amended Complaint on the basis of Defendants' claim that jurisdiction is not proper because the APA does not authorize a suit under these circumstances, therefore Defendants argue that this Court does not have jurisdiction.

The Plaintiffs Amended Complaint alleges that the APA does authorize a suit under these circumstances. The Amended Complaint further alleges that jurisdiction in this Court arises under § 303(c)(4)(B) of the Clean Water Act (CWA) 33 U.S.C. §1251, et seq.

The APA authorizes a suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Where no other statue provides a private right of action, the "agency action" complained of must be "final agency action" 5 U.S.C. § 704. "Agency action" is defined in 5 U.S.C. §551(13) to include "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." Relief for failures to act is provided for in the APA §706(1): "the reviewing court shall…compel agency action unlawfully withheld or unreasonably delayed." The court in *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004), explains that relief can only be granted where agency action is discrete and mandatory. The court goes on to point out: "Of course § 706(1) also authorizes courts to 'compel agency action…unreasonably delayed'- but a delay cannot be unreasonable with respect to action that is not required." *Id*.

Here, Plaintiffs allege in counts I-V that EPA failed to act in their discretionary duty to promulgate new and revised standards with regard to EPA's review of Florida's 2006 Triennial Review. In the instant case, Plaintiffs contend that there was final agency action by EPA in approving Florida's Triennial review, however there is no contention that there were new or revised standards submitted which would require EPA review under 33 U.S.C. 1313(c)(2)(A). Rather, Plaintiffs contend that EPA has a mandatory duty to review any new or revised standards even if no such standard is submitted. Plaintiffs rely on *Miccosukee Tribe of Florida v. United States*, 105 F. 3d 599 (11th Cir. 1997). In that case, the State of Florida submitted a standard that it claimed was no different and, thus, had not submitted any new or revised standard for EPA approval. The court determined that relying on Florida's contention that a submitted standard was not new or revised was not enough. *Id*.

In the instant case, Plaintiffs claim that EPA has a duty to review Florida's Triennial Review under the *Miccosukee* standard, however, there has been no contention that a new or revised standard has been submitted for approval rather just that the Triennial Review itself should itself be reviewed. Under these circumstances EPA does not have a mandatory duty to review the process itself and therefore there was not be any final agency action on the part of EPA.

Plaintiffs further allege that jurisdiction here is based upon the APA and 33 U.S.C. §1313(c)(4)(B). The APA allows a private citizen to exert a cause of action against an agency of the United States government except, as stated in 5 U.S.C. §701(a)(2), where "agency action is committed to agency discretion by law." The court in *National Wildlife Fed'n v. Browner*, 127 F.3d 1126, 1130, states that the EPA has discretionary power in 33 U.S.C. §1313(c)(4)(B) (describing type of authority EPA has under 33 U.S.C. §1313(c)(4)(B)). Plaintiffs rely on *Northwest Environmental Advocates v. EPA*, 268 F. Supp. 2d 1255 (D. Or. 2003), to note that an EPA failure to act is a reviewable action under the APA and CWA (describing the circumstances under which failures to act by the EPA are reviewable). However, in that case the EPA had previously used its discretionary power to determine that submitted standards, although not new or revised, did not meet the requirements set forth in the CWA, pursuant to §1313(c)(4)(B). In that case, the failure to act was the EPA's failure to promulgate new and revised standards within the allotted time as specified in the CWA (i.e. ninety days). *Id*.

Here, EPA has used its discretionary power to determine that the standards submitted are in compliance with the requirements set forth in the CWA, thus there is no failure to act in the allotted time as was the case in *Northwest Advocates*. Therefore, EPA is

provided discretionary power under 33 U.S.C. §1313(c)(4)(B) to determine whether or not submitted standards meet the requirements set forth in the CWA, This discretionary power is the type that is exempted from action under 5 U.S.C. §701(a)(2). In the instant case, EPA used its discretionary power to accept Florida's provisions in the form of its Triennial Review that were not new or revised and as such their action is not reviewable under the APA and citizen's suit provision of the CWA.

In Count VI Plaintiffs allege that Florida's 2007 Impaired Waters Rule (IWR) does not have any anti-degradation requirements and as such EPA is required to promulgate new or revised standards consistent with 33 U.S.C. 1313(c)(4). According to the United Sates Environmental Protection Agency's Determination Upon Review of Amended Florida's Administrative Code Chapter 62-303 Identification of Impaired Surface Waters, EPA states: "No provision of the IWR relates to anti-degradation. "*See*, Determination, pg. 8. According to, *Illinois ex. Rel. Madigan v. Telemarketing Associates, Inc.*, 538 U.S. 600, 618 (2003), at this stage of litigation, a court must accept plaintiff's allegations as true and dismiss a claim only if it is clear that under no set of facts could the plaintiff prove the allegations. Furthermore, in *CORALations v. U.S. E.PA.*, 477 F. Supp. 2d 413, 418-19, the court states:

> Defendant's argue that they are not required to actually identify methods of implementing is procedures in regulatory form. The Court agrees that this is true generally for identifying methods, however in the instant case, the EPA has determined that Puerto Rico's antidegradation implementation policies are nonexistent, and therefore the procedural steps fall under the guidance of Section 1313(c)(4), which requires published proposed regulations.

In the instant case, EPA makes reference to nonexistence of anti-degradation provisions and as such there is at least a set of facts that could prove the allegations made by Plaintiffs. Therefore, Count VI cannot be dismissed.

Count VIII alleges that EPA had a duty to object to the reissuance of the City of St. Petersburg's National Pollutant Discharge Elimination System (NPDES) permit and that EPA failed to object pursuant to its duty. The court in *District of Columbia v. Schramm*, 631 F. 2d 854, addressed the issue of EPA action with regard to NPDES permits. In that case, the EPA failed to veto such a permit and the District of Columbia challenged the EPA's lack of action. The Court in *District of Columbia*, considered the relevant legislative history of the CWA to determine that "the Agency's decision not to review or to veto a state's action on an NPDES permit application is committed to agency discretion by law." *Id* at 862. The Court went on to hold that the EPA's actions regarding a state's approval of the NPDES permit is not reviewable in federal court. In the instant case, Plaintiffs allege a failure to object by EPA in the reissuance of St. Petersburg's NPDES permit as such this decision is not reviewable in federal court.

## Conclusion

EPA enjoys discretion in its review of Florida's Triennial Review and Florida's decision to not object to reissuance of St. Petersburg's NPDES permit. As such these discretionary duties are not reviewable in federal court. However, because there is at least one set of facts under which relief could be granted with regard to EPA's approval of Florida's 2007 IWR this action is reviewable in federal court. Accordingly, it is

**ORDERED** that EPA's Motion to Dismiss counts I-V and VIII of the Plaintiff's Amended Complaint (Dkts. 31, 38) be **GRANTED,** in part and those counts be dismissed from this action, and **DENIED**, in part in EPA's Motion to Dismiss count VI of the Plaintiff's Amended Complaint (Dkts. 31, 38). These Defendants shall answer the amended complaint's Count VI within ten (10) days of this date.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 16th day of June, 2010.



Copies to: All parties and counsel of record.