IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED J. DAVIS and CINDY DAVIS,

        Plaintiffs,

                                            Case No. 8:09-cv-1070-T-17 TBM

v.

LISA P. JACKSON, Administrator of the
United States Environmental Protection Agency;
A. STANLEY MEIBERG, Acting Regional
Administrator of the United States Environmental
Protection Agency Region IV; UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY;
CITY OF ST. PETERSBURG, FLORIDA; and
DAVID L. MOORE, Executive Director,
Southwest Florida Water Management District,

        Defendants.

_____/

## ORDER ON DEFENDANT CITY OF ST. PETERSBURG'S MOTION TO DISMISS

THIS cause is before the Court on Defendant, City of St. Petersburg's [Hereinafter, the City], Motion to Dismiss (Dkt. 34). The Court reviewed the Motion to Dismiss, as well as Plaintiffs, Alfred J. Davis and Cindy Davis', Response (Dkt. 36). For reasons set forth below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND and PROCEDURAL HISTORY

This matter involves claims made in connection with the Clean Water Act, 33 U.S.C. §§1251-1387, and Florida common law. Plaintiffs' Original Complaint was dismissed with regard to Defendant on November 18, 2009. Plaintiffs filed an Amended Complaint including three alleged counts against the City of St. Petersburg (Dkt. 31) on February 25, 2010. Count IX

alleges a violation of the Clean Water Act (CWA). Counts X and XI allege pendent state law causes of action for common law trespass and public nuisance. Plaintiffs seek prospective injunctive relief ordering Defendant to take actions to restore Clam Bayou to compliance with all applicable water quality standards.

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fe. R. Civ. P. 12(b)(6). To survive a rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* at 555.

## DISCUSSION

Defendant, the City, seeks to dismiss Counts IX, X, and XI on the several basis. Firstly, that the Plaintiffs failed to serve the City appropriately, pursuant to Fed. R. Civ. P. 4(e). Defendant also seeks to dismiss Counts IX, X, and XI on the basis that Plaintiffs lack standing and jurisdiction. Furthermore, Defendant seeks to dismiss Counts IX, X, and XI on the bases that Plaintiff failed to state a claim and failed to join parties pursuant to Fed. R. Civ. P. 19(a)(1)(A) & (B)(ii).

Plaintiffs' response to Defendant's Motion to Dismiss alleges that this Court has jurisdiction over the alleged counts and that Plaintiffs have standing to bring this suit. (Dkt. 36). The response further alleges that Count arises under 33 U.S.C. §1365(a) and is pursuant to 28 U.S.C. §1331. (Dkt. 36). Furthermore, Plaintiffs allege that this Court has jurisdiction over

Counts X and XI pursuant to the doctrine of pendent jurisdiction or related state law causes of action. (Dkt. 31).

## A. SERVICE OF PROCESS

Defendant was electronically served on February 25, 2010, as set out in the Certificate of Service. *See* Dkt. 31. As such, Defendant was sufficiently served pursuant to Fed. R. Civ. P. 4(e).

## B. STANDING

The Clean Water Act's citizen suit provision provides in pertinent part:

[A]ny citizen may commence a civil action on his own behalf…against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) **who is alleged to be in violation of (A) an effluent standard or limitation under this chapter."**

33 U.S.C. §1365(a)(1) (emphasis added). Effluent standards and limitations are defined in §1365(f)(6) as "permits or conditions thereof issued under section 1342 of this title, which is in effect under this chapter." 33 U.S.C. §1365(f)(6). Section 1342 encompasses both Federal and State discharge of pollutants and permits allowing certain discharge. 33 U.S.C. §1342(a)-(b).

Standing to assert a claim pursuant to the Clean Water Act is constitutional rather than statutory. *Save Our Community v. U.S. E.P.A.*, 971 F. 2d 1155,1161 n. 11 (5th Cir. 1992). The court in *Save Our Community* noted, "[t]he CWA confers standing to the limits of the Constitution. Under the CWA, 'any citizen may commence a civil action.' [a] 'citizen is a person having an interest which is or may be adversely affected." *Id* at 1160 n. 10 (quoting 33 U.S.C. §1365(a) and (g)). The test for standing consists of three prongs and requires that a party invoking the court's authority "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant…and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Id* at

1162 (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 at 472)).

### 1. Actual or Threatened Injury

The first prong of the standing test requires an actual or threatened injury that is a result of the alleged illegal conduct. *Id*. The Supreme Court in *Sierra Club v. Morton*, 405 U.S. 727 (1972), has noted that aesthetic, environmental and recreational injuries are sufficient to confer standing so long as the party seeking redress is among the injured. *Sierra Club* at 734. The court in *Public Interest Research Group of New Jersey v. Powell Duffryn Terminals Inc.*, 913 F. 2d. 64 (3rd Cir. 1990), stated "[t]hese injuries need not be large, an 'identifiable trifle' will suffice.'" *Public Interest* at 71 (quoting *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669)).

In the instant case, Plaintiffs allege environmental and recreational injury. Plaintiffs allege in their Amended Complaint that their access to Boca Ciega Bay is adversely affected and that the storm water discharge has caused the Clam Bayou estuary to fall outside the prescribed water quality standards for dissolved oxygen, nutrients, mercury acute toxicity, and Outstanding Florida Waters existing ambient water quality. (Dkt. 31). Therefore, Plaintiffs have alleged both an environmental and recreational injury and have alleged that they are actually among the parties injured, by at least an identifiably trifle. As such, Plaintiffs meet the first prong of the test for standing in this case.

### 2. Fairly Traceable

The second prong of the standing test requires that the injury be fairly traced to the challenged action. *Save Our Community* at 1160. The second prong does not require the plaintiffs to show with a scientific certainty that the defendant's action caused the injury, rather

that there is a substantial likelihood that defendant's action caused the plaintiffs harm. *Public Interest* at 72. The court goes on to say that:

> "[i]n a Clean Water Act case, this likelihood may be established by showing that a defendant has 1) discharged some pollutant in concentrations greater than allowed by its permit 2) into a waterway in which the plaintiffs have an interest that is or may be adversely affected by the pollutant and that 3) this pollutant causes or contributes to the kinds of injuries alleged by the plaintiffs."

*Id*. The court further notes that a mere exceedance of a permit limit will not be enough to meet the second prong of the standing test. *Id*.

## a. CONCENTRATION OF DISCHARGE

In order to show that an injury can be fairly traced to a defendant's challenged action, it must be shown that the defendant discharged some pollutant in excess of permit limitations. *Id*. In the instant case, Plaintiffs claim in their Amended Complaint that the City discharges amount to 98% of the permitted discharges into Clam Bayou. (Dkt. 31 p. 93). Plaintiffs reiterate this claim in their Response to Defendant's motion claiming that the City's discharges constitute 98-99% of the permitted discharges. (Dkt. 36) Furthermore, Plaintiffs allege in their Response that Gulfport, Pinellas County and Florida Department of Transportation are not co-permitees of the City's permit; therefore, Plaintiffs argue that the City is solely responsible for the amount of discharge into Clam Bayou. As such, Plaintiffs have not alleged discharge in concentrations greater than allowed by permit. Therefore, Plaintiffs fail the first requirement for a showing that the defendant discharged some pollutant in exceedance of permit.

## b. ADVERSE AFFECT ON A WATERWAY IN WHICH PLAINTIFFS HAVE INTEREST

The second requirement in order to show that an injury can be fairly traced to a defendant's challenged action is to show that the pollutant complained of was discharged into a waterway in which the plaintiffs have an interest. *Public Interest* at 72. The second requirement

must also include a showing that the waterway is, or may be, adversely affected by the pollutant. *Id*.

In the instant case, Plaintiffs allege an interest in Clam Bayou because they own and reside in property on the Bayou. Also, they claim a recreational and an environmental interest in Clam Bayou. (Dkt. 31). Plaintiffs allege that sediments deposited in Clam Bayou by storm water discharge have adversely affected their enjoyment of Clam Bayou. (Dkt. 31) Furthermore, Plaintiffs allege that the pollutant has significantly altered Clam Bayou's physical characteristics. (Dkt. 31). Plaintiffs also allege that the storm water discharge has resulted in Clam Bayou becoming acutely toxic to aquatic organisms. (Dkt. 31). As such, Plaintiffs meet the second requirement for a showing that an injury can be fairly traced to Defendant's challenged action.

### c. POLLUTANTS CONTRIBUTION TO INJURIES

The third requirement in order to show that an injury can be fairly traced to a defendant's challenged action is to show that the pollutant complained of causes or contributes to the kinds of injuries alleged by the plaintiff. *Public Interest* at 72. In the instant case, Plaintiffs allege that sediment pollution carried by storm water discharge contributes to a shallowing of Clam Bayou. (Dkt. 31). Furthermore, Plaintiffs allege that pollutants in estuarine sediments cause toxicity to aquatic life and degrade ambient water quality. As such, Plaintiffs meet the third requirement for a showing that an injury can be fairly traced to Defendant's challenged action.

Although Plaintiffs satisfy the second and third elements of the fairly traceable prong, Plaintiffs fail to satisfy the first element. Accordingly, Plaintiffs do not meet the second prong of the test for standing.

### 3. Redressability

The final prong of the test for standing "requires the plaintiffs demonstrate that their injuries are 'likely to be redressed by a favorable decision.'" *Public Interest* at 72 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 478)). The court notes that this final prong is related to the second prong but focuses on the "connection between the plaintiffs injury and the judicial relief sought." *Public Interest* at 72 (quoting *Allen v. Wright*, 464 U.S. 737, 753 n. 19). The court goes on to say "[t]he purpose of the Act is to restore the chemical, physical and biological integrity of the nation's waters…Plaintiffs need not show that the waterway will be returned to pristine condition." *Public Interest* at 72.

In the instant case, Plaintiffs seek an injunction ordering the city to take steps necessary to restore Clam Bayou to comply with water quality standards. Therefore, Plaintiffs have made a showing that their injuries are likely to be redressed by a favorable decision. As such, Plaintiffs meet the final prong in the test for standing.

Accordingly, while Plaintiffs meet the first and third prongs necessary to show standing, they fail the second prong. As such, Plaintiffs do not have the requisite standing to assert their Clean Water Act claim.

## **Conclusion**

Defendant was sufficiently served in this case. However, Plaintiffs do not have standing to assert their claim. Therefore, Defendant's bases for dismissal on grounds of lack of jurisdiction, failure to state a claim, and failure to join parties are moot. Without proper suit brought, the Plaintiffs' state law causes of action also fail for want of subject matter jurisdiction. Accordingly, it is

**ORDERED** that the City of St. Petersburg's Motion to Dismiss counts IX, X, and XI of the Plaintiffs' Amended Complaint (Dkts. 34, 31) be **GRANTED** and the City of St. Petersburg, Florida be dismissed from this action.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 19th day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.