IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED J. DAVIS and CINDY DAVIS,

        Plaintiffs,

                                                 Case No. 8:09-cv-1070-T-17 TBM

v.

LISA P. JACKSON, Administrator of the
United States Environmental Protection Agency;
A. STANLEY MEIBERG, Acting Regional
Administrator of the United States Environmental
Protection Agency Region IV; UNITED STATES
ENVIORNMENTAL PROTECTION AGENCY;
CITY OF ST. PETERSBURG, FLORIDA; and
DAVID L. MOORE, Executive Director,
Southwest Florida Water Management District,

        Defendants.

_____/

## ORDER ON DEFENDANT DAVID L. MOORE'S

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS cause is before the Court on Defendant, David L. Moore's, Motion to Dismiss (Dkt. 33). The Court reviewed the Motion to Dismiss, as well as Plaintiffs, Alfred J. Davis and Cindy Davis', Response (Dkt. 37). For reasons set forth below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND and PROCEDURAL HISTORY

This matter involves claims made in connection with the Clean Water Act, 33 U.S.C. §§ 1251-1387, and Florida common law. Plaintiffs filed an Amended Complaint which included three counts against the Executive Director of the Southwest Florida Water Management

District, David L. Moore (Dkt. 31). Count IX alleges a violation of the Clean Water Act and Counts X and XI allege pendent state law causes of action for common law trespass and public nuisance. Plaintiffs seek prospective injunctive relief ordering Defendant to take actions to restore Clam Bayou estuary to 1978-79 Outstanding Florida Waters physical dimensions and water quality standards.

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* at 555.

## DISCUSSION

Defendant, David L. Moore, seeks to dismiss Count IX of Plaintiffs Amended Complaint on the basis that this claim is barred by the Eleventh Amendment of the United States Constitution and the *Ex Parte Young* exception does not apply. Defendant also seeks to dismiss Counts X and XI as pendent state law claims for which there is no federal jurisdiction.

Plaintiffs' response to Defendant's Motion to Dismiss alleges that this Court has jurisdiction over Count IX of this action pursuant to 28 U.S.C. §1331. (Dkt. 37) The response further alleges that Count arises under 33 U.S.C. §1365(a), the Clean Water Act's (CWA) citizen suit provision. (Dkt. 37). Furthermore, Plaintiffs allege that this Court has jurisdiction over Counts X and XI pursuant to the doctrine of pendent jurisdiction of related state law causes of action. (Dkt. 31).

The CWA citizen suit provision provides in pertinent part:

" [A]ny citizen may commence a civil action on his own behalf…against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency **to the extent permitted by the Eleventh Amendment to the Constitution)** who is alleged to be in violation of (A) an effluent standard or limitation under this chapter."

33 U.S.C. §1365(a)(1) (emphasis added). The Eleventh Amendment provides "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. This immunity has been extended to protect states against suits brought by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). A state's immunity under the Eleventh Amendment further extends to state agencies and to state officers acting on behalf of the state. *See Burnette v. Carothers*, 192 F. 3d 52, 57 (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-147 (1993)).

When a state or an agency of such state is a real party in interest, the general rule is that the Eleventh Amendment bars federal court jurisdiction over an action against the state or its official acting in his or her official capacity. *See Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984). In *Edelman v. Jordan*, 415 U.S. 651, 664-678 (1974), the Court established an important limitation on the *Ex Parte Young* doctrine: sovereign immunity will protect state officials sued in their official capacity if the relief sought is retroactive. In *Edelman*, the plaintiff sought injunctive relief against various state public-aid program officials for administrating their programs in violation of federal regulations. *Id* at 653. The Court did not allow the retroactive payment of funds thereby allowing only prospective injunctive relief in suits against state officials, on the ground that the Eleventh Amendment prohibits a court from hearing a claim for retroactive relief. *Id* at 658-678.

The Court in *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002), stated: "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (quoting *Idaho v. Coeur d'Alene tribe of Idaho*, 521 U.S. 261, 296 (1997)). The Eleventh Circuit Court of Appeals explained: "the Eleventh Amendment bars the award of retroactive relief for violations of federal law. The fact that harm is ongoing in the sense that Plaintiffs are continuing to suffer effects…does not make the relief any less retrospective." *Florida Ass'n of Rehab. Facilities, Inc. v. Dep't of Health and Rehab. Servs.*, 225 F. 3d 1208, 1221 (2000). The Court also noted that the Eleventh Amendment "bars suits seeking retrospective relief such as restitution or damages." *Id* at 1220. Restitution occurs when a person "is restored to the position he formerly had…" Restatement (First) of Restitution §1 cmt. a (1937).

Here, Plaintiffs seek an order requiring Mr. Moore to:

> "take the actions necessary to **restore** Clam Bayou to compliance with all applicable water quality standards, including promptly modify the monitoring of the [municipal separate storm sewer systems] MS4 discharges into Clam Bayou estuary to establish and implement the [Total Maximum Daily Loads] TMDL loads necessary to **restore** the Clam Bayou estuary to compliance with all of Florida's water quality standards with a margin of safety."

(Dkt. 31 p. 220) (emphasis added). Plaintiffs include in this restoration "implementation of Florida's proposed monitoring plan for the Clam Bayou watershed, with data collection of all sediment loads of the storm water discharges, and the quantity, timing, and other hydrologic properties of all storm water discharges." (Dkt. 31 p. 220).

In the instant case, the relief sought by Plaintiffs is restoration of Clam Bayou to compliance with Florida's water quality standards and its physical dimensions in 1978-79. As

such, the relief sought is retrospective. Consistent with the U.S. Supreme Court and the Eleventh Circuit Court of Appeals the *Ex Parte Young* exception to the Eleventh Amendment does not apply because this suit seeks retrospective relief in the form of restitution. Even though the Plaintiffs might continue to suffer effects the relief is no less retrospective. As such, Plaintiffs' pendent state law tort claims are also barred for want of this Court's jurisdiction. As a result, Counts IX, X, and XI of the Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction as they relate to David L. Moore.

## CONCLUSION

The Eleventh Amendment bars this suit and the *Ex Parte Young* exception does not apply. Without a proper suit brought pursuant to the Court's federal question jurisdiction, the Plaintiffs' state law causes of action also fail for want of subject matter jurisdiction. Accordingly, it is

**ORDERED** that David L. Moore's Motion to Dismiss Counts IX, X and XI of the Plaintiffs' Amended Complaint (Dkts. 33, 31) be **GRANTED** and the Defendant, David L. Moore be dismissed from this action. Plainitffs and remaining Defendants shall file a case management report within thirty (30) days of this date.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 19th day of July, 2010.



Copies to: All parties and counsel of record.