UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED J. DAVIS and CINDY DAVIS

    Plaintiffs,

v.                                      Case No. 8:09-cv-1070-T-17-TBM

LISA P. JACKSON, Administrator of the
United States Environmental Protection Agency;
A. STANLEY MEIBERG, Acting Regional
Administrator of the United States Environmental
Protection Agency Region IV; UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY;
CITY OF ST. PETERSBURG, FLORIDA; and
DAVID L. MOORE, Executive Director,
Southwest Florida Water Management District.

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES

This cause is before the Court on Defendant the City of St. Petersburg's Motion for Attorney's Fees (Doc. 63) and Plaintiffs Alfred J. Davis and Cindy Davis' response thereto (Doc. 64). For the reasons set forth below, Defendant's Motion for Attorney's Fees is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

On February 25, 2010, Plaintiffs, Alfred J. Davis and Cindy Davis, filed an amended eleven-count complaint alleging violations of the Clean Water Act 33 U.S.C. § 1251–1387 and Florida common law against multiple parties, including Defendant the City of St. Petersburg

1

(hereinafter "City"), in the United States District Court for the Middle District of Florida, Tampa Division. (Doc. 31). Among Plaintiffs' eleven counts, only Counts IX, X, and XI were alleged against the City. (Doc. 31).

Plaintiffs alleged that the City was discharging stormwater into the Clam Bayou estuary in violation of limitations set forth in the National Pollution Discharge Elimination System municipal separate storm sewer system permit issued to the City and the Southwest Florida Water Management District. Count IX was brought pursuant to the citizen suit provision of 33 U.S.C. § 1365(a) and alleged that these discharges were in continuing violation of the Clean Water Act by causing and contributing to water quality standard violations in Clam Bayou. (Doc. 31). Counts X and XI alleged pendent state law causes of action against the City for common law continuing trespass and common law nuisance. (Doc. 31). Plaintiffs sought declaratory relief and injunctive relief on all counts, including relief in the form of ordering the City to "restore the Clam Bayou estuary to water quality standards, including the dredging of stormwater sediment pollution from the Clam Bayou estuary to restore the estuary to its 1978–79 OFW physical dimensions (depths, acreage below mean high water line, and tidal flows)." (Doc. 31).

The City moved to dismiss Plaintiffs' Amended Complaint for insufficient service of process, lack of standing, lack of jurisdiction, failure to state a cause of action, and failure to join indispensable parties. (Doc. 34). On July 19, 2010, this Court granted the City's Motion to Dismiss, determining that Plaintiffs lacked standing to assert a claim under the Clean Water Act. (Doc. 45). This Court's Order reasoned that because the Plaintiffs did not have standing, the City's "bases for dismissal on grounds of lack of jurisdiction, failure to state a claim, and failure to join parties are moot." (Doc. 45).

2

Shortly thereafter, on August 11, 2010, Plaintiffs filed a Rule 59(e) Motion to Alter or Amend the Judgment regarding the City's dismissal from the case. (Doc. 47). This Court denied that motion on November 18, 2010. (Doc. 58). The City proceeded to file a Motion for Attorney's Fees under 33 U.S.C. § 1365(d), alleging that it is entitled to recover its reasonable attorney's fees on the basis that "Plaintiffs' suit was frivolous and no grounds existed to pursue the suit." (Doc. 63).

## DISCUSSION

In the United States, absent special legislation, or an enforceable contract providing otherwise, the general rule is that litigants are required to bear the cost of their own attorney's fees. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 415 (1978); *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 256 (1975); *Hall v. Cole*, 412 U.S. 1, 4 (1973). Congress has set forth limited exceptions to this "American Rule" in selected federal statutes that limit fee awards to prevailing parties, "entrusting the effectuation of the statutory policy to the discretion of the district courts." *Christiansburg*, 434 U.S. at 415-416. The Clean Water Act contains a fee-shifting provision exemplifying such an exception to the general rule requiring parties to cover their own litigation costs. *Christiansburg*, 434 U.S. at 416, n. 7. This provision of the Clean Water Act states that a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d).

However, it must be noted that the prevailing party in a Clean Water Act suit is not automatically entitled to an award of its litigation costs. Case law has interpreted § 1365(d) to

3

possess a dual standard – the burden applied to a prevailing plaintiff seeking attorney's fees is less stringent than that applied to a prevailing defendant seeking the same. *Atlantic States Legal Found. v. Onondaga Dep't of Drainage & Sanitation*, 899 F. Supp. 84, 87 (N.D.N.Y 1995). A lower burden is placed on a prevailing plaintiff because "the plaintiff is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" *Christiansburg*, 434 U.S. at 418 (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)). Furthermore, "when the plaintiff prevails, he or she has proven that the defendant is a 'violator of federal law.'" *Sierra Club v. Cripple Creek & Victor Gold Mining Co.*, 509 F. Supp. 2d 943, 950 (D. Colo. 2006). "However, when a defendant prevails, different equitable considerations determine whether a fee award is appropriate." *Id.* If this were not the case, "plaintiffs with legitimate, but not airtight, claims would be discouraged from pursuing such claims." *Id.*

Thus, it follows that a prevailing defendant may only recover attorney's fees under fee-shifting statutes such as § 1365(d) when the court finds a plaintiff's claims to be "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422; *Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005). "[A]llowing prevailing defendants to recover fees under the same standards as prevailing plaintiffs would unreasonably deter citizen suits, which Congress sought to encourage, without serving Congress' correlative goal of deterring frivolous actions." *National Wildlife Federation v. Consumers Power Co.*, 729 F. Supp. 62, 64 (W.D. Mich. 1989). Therefore, in assessing whether a prevailing defendant is entitled to attorney's fees under a fee-shifting statute by assessing the above criteria, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not

ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.

Before engaging in an analysis of whether the heightened *Christiansburg* standard imposed on prevailing defendants has been met by the City's motion for attorney's fees, the threshold question of whether the City is a *prevailing party* must be addressed. It is axiomatic that there must be a judicial determination on the merits in order for there to be a prevailing party. *Marquart v. Lodge 837, Int'l Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842, 852 (8th Cir.1994) ("To obtain prevailing party status, a defendant must be able to point to a judicial declaration to its benefit."). Several courts have held that a defendant cannot be a prevailing party when the complaint is dismissed or disposed of for lack of jurisdiction, subject matter or otherwise. *See Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) ("Where a complaint has been dismissed for lack of subject matter jurisdiction, the defendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation." (internal quotation marks and citation omitted)); *Daugherty v. Westminster Sch., Inc.*, 174 F.R.D. 118, 121-22 (N.D. Ga. 1997) (noting that a defendant may not recover attorney's fees under a fee-shifting statute on a claim dismissed for lack of subject matter jurisdiction "even when one could conclude that summary judgment would have been granted [in defendant's favor] had jurisdiction been present"); *Sellers v. Local 1598, Dist. Council 88, American Federation of State, etc.*, 614 F.Supp. 141, 143 (E.D. Pa. 1985) (A "defendant cannot be said to have 'prevailed' on an issue which evaporated prior to the court addressing it.").

In the case at bar, the Plaintiffs' claims against the City were disposed of on this Court's Order Granting Defendant's Motion to Dismiss. (Doc. 45). This Court granted the City's dismissal on the basis that Plaintiffs lacked standing under the Clean Water Act to assert their

claim. (Doc. 45). Moreover, this Court determined that since the Plaintiffs could not establish the requisite standing, the City's "bases for dismissal on grounds of lack of jurisdiction, failure to state a claim, and failure to join parties are moot." (Doc. 45). The Eleventh Circuit treats a dismissal for lack of standing as the functional equivalent of a dismissal for lack of subject matter jurisdiction. *See Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir.1991) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction.")

Therefore, in the case at hand there was not a judicial determination on the merits of any claim. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). Despite the City's conclusory declaration that it is the "prevailing party" for the purposes of § 1365(d) (Doc. 63), because the claims in this suit were disposed of for lack of standing, the equivalent of a dismissal for lack of jurisdiction, *Cone Corp.*, 921 F.2d at 1203 n. 42, the City cannot be labeled a "prevailing party." When this Court dismissed the Plaintiffs' claims based upon jurisdictional considerations it cannot be said that the City "prevailed" over Plaintiffs on the merits of any claim in order to justify prevailing party status for the City.

Consequently, whereas § 1365(d) of the Clean Water Act only grants this Court discretion to award fees to the *prevailing* party, the City cannot be and is not entitled to attorney's fees. The City's failure to pass this crucial threshold questioned renders unnecessary a determination of whether the City met its heightened burden under *Christiansburg* in order to recover attorney's fees based on the alleged frivolous claims of Plaintiffs. *See Marquart*, 26 F.3d at 852 ("[P]roof that a plaintiff's case is frivolous, unreasonable, or groundless is not possible

6

without a judicial determination of the plaintiff's case on the merits."). Imposing attorney's fees on a citizens' plaintiff who loses on a purely technical distinction would greatly discourage future plaintiffs from bringing citizens suits to enforce federal statutes considered of paramount importance. The federal government does not have the time and resources to effectively police all federal statutes vigorously. Therefore, citizen suits are a valuable supplement to federal resources and imposing attorney fees and costs on a citizens' plaintiff before this Court could even address the legitimacy of the plaintiff's claim due to a lack of jurisdiction would seriously impede the effectiveness of statutes such as the Clean Water Act. Accordingly, it is **ORDERED** that Defendant the City of St. Petersburg's Motion for Attorney's Fees (Doc. 63) be **DENIED**. As all issues and motions have been resolved, there remains nothing further for this Court to address. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 2ND of March, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.